UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JAMES ANTHONY LYONS** | : | **DOCKET NO. 2:22-cv-1355** |
| D.O.C.. #283148HC4 | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **14TH JDC, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint [doc. 6] filed pursuant to 42 U.S.C. § 1983 by plaintiff James Anthony Lyons ("Lyons"), who is proceeding *pro se* and *in forma pauperis* in this matter. Lyons is an inmate in the custody of the Louisiana Department of Corrections ("LDOC") and is currently incarcerated at the Calcasieu Correctional Center in Lake Charles, Louisiana. He names the 14th JDC, Robert L. Wyatt, Conrad Huber, Elizabeth Traub, Detective Boyt, Cpl Wilson and Cpl Duplechan as defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the suit be **DISMISSED WITHOUT PREJUDICE** until the pending criminal case has run its course.

**I.
BACKGROUND**

Plaintiff complaints that he was arrested on September 27, 2021, and is in continued custody, in violation of his civil rights. Doc. 6, p. 3. He complains of ineffective assistance of counsel by the Public Defender and that the new charges brought against him were brought out of

retaliation. Doc. 6, att. 1, p. 3. He alleges that his 6th Amendment rights have been violated and he seeks "monetary relief for loss of job, family, life disruptions, anxiety and concern" as well as release from Calcasieu Parish Jail 'ASAP'." *Id.*

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Lyons has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained

of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Application

It appears that plaintiff's complaints are the subject of an ongoing criminal prosecution pending in the state court. Thus, the abstention doctrine enunciated in *Younger v. Harris*, 91 S. Ct. 746 (1971) requires this court to abstain from considering these claims.

In *Younger*, the Supreme Court recognized a need for federal courts to abstain from interfering in on-going state court proceedings. When federal court jurisdiction would interfere with pending criminal, civil, or administrative state proceedings, the federal court must abstain from exercising jurisdiction. For *Younger* to apply, three requirements must be satisfied: (1) the dispute must involve an ongoing state judicial proceeding; (2) an important state interest in the subject matter of the proceeding must be implicated; and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Texas Supreme Court*, 84 F.3d 188, 189 (5th Cir. 1996) (citing *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 102 S. Ct. 2515, 2522 (1982).

Plaintiff's state court suit satisfies all three of these requirements. The proceedings are on-going, the state has an important interest in dealing with matters involving state prisoners and the prison system, and the state proceeding will afford the plaintiff an opportunity to raise constitutional challenges. See *Henry v. 14th Judicial Dist. Court*, No. 2:12-2735, 2013 U.S. Dist. LEXIS 132241 (W.D. La. Aug. 15, 2013). Thus, this court finds that the principles enunciated in *Younger* bar this court from considering plaintiff's claims at this time.

### III.
#### CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that the instant suit be **DISMISSED WITHOUT PREJUDICE** until the pending criminal case has run its course.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 20th day of September, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE